UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO MICCIO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MIRANDA, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-0932 KJM CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On March 14, 2018, the court screened plaintiff's amended complaint as it is required to do under 28 U.S.C. §1915A. After conducting the required screening, the court found that plaintiff may proceed on claims arising under the Eighth Amendment against defendants Miranda, Abdur-Rahman, Gideon and Lewis for both damages and injunctive relief. Two matters are before the court.

I. Death of Defendant Gideon

On May 17, 2018, counsel for defendants provided notice to plaintiff and the court that defendant Gideon is deceased. Under Rule 25(a)(1) of the Federal Rule of Civil Procedure, plaintiff had 90 days from that date within which to file a motion for substitution with respect to plaintiff's remaining claim against defendant Gideon. Because such a motion was not made, plaintiff's claim against defendant Gideon must be dismissed.

1

II. Remaining Defendants' Motion to Dismiss

Defendants Miranda, Abdur-Rahman and Lewis have filed a motion asking that all remaining claims be dismissed. Defendants' motion is based in part upon exhibits attached to plaintiff's original complaint. The exhibits are documents generated pursuant to the review of plaintiff's claims though the California Department of Corrections and Rehabilitation's (CDCR) inmate grievance process.[1] Since the contents of these documents are alleged in plaintiff's first amended complaint and neither party questions authenticity of the documents, the contents of documents may be considered as part of defendants' Rule 12(b)(6) challenge. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994).[2]

A. Plaintiff's Allegations

From plaintiff's amended complaint, and the grievance process exhibits attached to plaintiff's original complaint, the court construes plaintiff's allegations as follows:

1. At all times relevant, plaintiff was an inmate at High Desert State Prison (High Desert) where defendant Miranda was employed as a physician's assistant and defendant Abdur-Rahman as a physician. At all times relevant, defendant Lewis was employed as the Deputy Director of Policy and Risk Management Services at California Correctional Health Care Services (CCHCS) in Elk Grove. CCHCS is a state agency which oversees medical care for CDCR inmates.

2. As of at least October 30, 2015, plaintiff had been diagnosed with Hepatitis C and was not on any medication. On that date, an unidentified medical professional reviewed the results of a test called FibroScan with plaintiff. The medical professional informed plaintiff that plaintiff's "FIB-4 score" derived from the results of the FibroScan test was 1.55. With that score, plaintiff was not eligible for Hepatitis C treatment. However, plaintiff was informed he could follow up with his primary care physician "to see if there are any options available for submitting a request for possible treatment to the Hepatitis C Coordinating Committee."

---

[1] Pursuant to 42 U.S.C. § 1997(e)(a), plaintiff had to exhaust available administrative remedies--in this instance the California inmate grievance process--with respect to the claims presented in this action before filing suit under 42 U.S.C. § 1983.

[2] The exhibits attached to plaintiff's original complaint were not considered when the court screened plaintiff's amended complaint.

2

1  3. On February 8, 2016, plaintiff was denied treatment by defendant Miranda. Plaintiff appealed that decision through the CDCR inmate grievance process.

4. At the first level of the grievance process, plaintiff was interviewed by defendant Dr. Abdur-Rahman. Plaintiff specifically requested treatment with Harvoni and Sovaldi. In the response to the grievance, which was not authored by any defendant, plaintiff was denied Harvoni and Solvaldi because plaintiff's FibroScan "showed a stage one to two mildly fibrotic liver only." Plaintiff was also advised as follows:

> There are now multiple medication options which are being utilized to treat Hepatitis 1a and 1b genotypes. These medications are not being made available to our patient population. These regimens present significant risks to the patient and require careful oversight by the Primary Care Provider and absolute compliance with the regimen by the patient. Due to the nature of these regimens, and the risk of developing resistance to the new regimens which would make it even more difficult to treat this disease type; an oversight committee has been implemented through CCHCS Headquarters. This committee makes the final decision regarding whether a patient is eligible to receive these new regimens of treatment. We are advocating for our patients who meet preliminary criteria and will implement treatment for our patients who are approved by the oversight committee as soon as possible.

5. Plaintiff appealed to the second level. The appeal was denied essentially for the same reasons it was denied at the first level.

6. Plaintiff appealed to the final level. The appeal was reviewed by the Inmate Correspondence Branch on behalf of defendant Lewis. The appeal was denied at the final level for essentially the same reasons it was denied at the first and second levels. In the final level response, plaintiff was informed as follows:

> You continue to be enrolled in the Chronic Care Program (CCP) where your medical conditions and medication needs are closely monitored. Records indicate there is a plan of care in place and the PCP has discussed this with you. Your medical condition will continue to be monitored with care provided as determined medically indicated by the PCP, in accordance with appropriate policies and procedures.

7. Plaintiff asserts his being denied Harvoni and Solvaldi is likely to result in his suffering complications and disease progression, and delay in receiving the medication reduces its effectiveness.

3

8. Plaintiff also asserts that because he is being denied treatment, his liver is continuing to scar, deteriorate and lose function.

9. Plaintiff seeks damages and an injunction directing that he be treated with Harvoni and Solvaldi.

B. Legal Standards

Defendants seek dismissal of plaintiff's remaining claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In considering a motion to dismiss under Rule 12(b)(6), the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Denial or delay of medical care for a prisoner's serious medical needs by a prison official may constitute a violation of the prisoner's Eighth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A prison official is liable under the Eighth Amendment only when the prisoner-plaintiff suffers an injury as a result of the official's deliberate indifference to serious medical needs. Id.

C. Defendants' Arguments and Analysis

First, defendants argue that defendants Lewis and Abdur-Rahman should be dismissed because there are no facts suggesting they were personally involved in any violation of plaintiff's Eighth Amendment rights. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998). As indicated above, defendant Dr. Abdur-Rahman's only involvement with plaintiff's being denied Harvoni and Solvaldi is that Dr. Abdur-Rahman interviewed plaintiff during the grievance process. With respect to defendant Lewis, her name appears at the bottom of the final level decision as to plaintiff's grievance, but nothing shows she was actually involved in grievance process. As indicated above, the final level decision with respect to plaintiff's grievance was reviewed on behalf of defendant Lewis by the Inmate Correspondence Branch. For these reasons, defendants Lewis and Abdur-Rahman must

be dismissed.

It appears defendant Miranda at least had an active role in treating and advising plaintiff regarding his Hepatitis C. But, it does not appear Miranda had any say in whether plaintiff would receive Harvoni and Solvaldi. It appears a policy put in place at CCHCS indicates that unless patients meet certain minimum criteria, they will not be considered for Harvoni and Solvaldi. If the minimum criteria is met, an oversight committee makes the ultimate decision as to whether Harvoni and Solvaldi will be administered. Furthermore, as a physician's assistant, nothing suggests Miranda is licensed to prescribe controlled substances. Because it appears Miranda had no real authority to treat plaintiff with Harvoni or Solvaldi it cannot be said that she refused plaintiff treatment. For these reasons, Miranda must be dismissed as well.[3]

As for plaintiff's claim for injunctive relief, defendants point out that plaintiff is no longer housed at High Desert. Therefore, he is no longer receiving medical treatment there and neither defendant Miranda or Abdur-Rahman could be ordered to provide plaintiff with any medical treatment. As for defendant Lewis, it does not appear that she is a physician otherwise licensed to provide plaintiff with medical treatment.

D. Leave to Amend

At this point, plaintiff's complaint fails to state a claim upon which relief can be granted. However, the court will grant leave to amend as it is not entirely clear that an actionable claim could not be stated. In order to state a claim for damages, it appears plaintiff would have to identify the person or persons who implemented the policy which is preventing plaintiff from receiving Harvoni or Solvaldi, point to facts indicating that failure to provide plaintiff with Harvoni and Solvaldi has injured plaintiff and amounts to deliberate indifference to his Hepatitis C. Plaintiff may also be able to state a claim against members of the oversight committee identified above if his condition has been reviewed by that committee. Plaintiff is informed,

---

[3] As argued by defendants Miranda, Abdur-Rahman and Lewis, plaintiff's claims must be dismissed pursuant to the qualified immunity doctrine since plaintiff's allegations do not amount to a violation of "clearly established statutory or Constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

however, that he could not bring a claim against committee members until he exhausts administrative remedies.[4]

In order to state a claim for injunctive relief, plaintiff must identify a defendant at his current prison whom the court could order to provide the relief requested. In this instance, the head physician at plaintiff's prison would most likely be an appropriate defendant. In order to obtain injunctive relief, plaintiff would have to show that the manner in which his Hepatitis C is now being treated amounts to deliberate indifference. In order to do this, he must be careful to point to facts indicating as much, and not simply conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In particular, because nothing suggests plaintiff's condition is being ignored, plaintiff should point to facts, if such facts exist, suggesting more than a difference of opinion about the proper course of medical treatment between he and medical professionals at his prison as such disputes do not rise to the level of a Constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that;

1. Defendant Miranda, Abdur-Rahman, and Lewis's motion to dismiss (ECF No. 27) is granted.

---

[4] Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). Administrative procedures generally are exhausted with respect to the California prisoner grievance process once the third level of review is complete. The third level of review constitutes the decision of the Secretary of CDCR. Cal. Code Regs. tit. 15, § 3084.7.

2. Plaintiff's amended complaint is dismissed.

3. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

4. Defendants Miranda, Abdur-Rahman, and Lewis need take no action with respect to any second amended complaint filed by plaintiff until instructed.

IT IS HEREBY RECOMMENDED that plaintiff's Eighth Amendment claim against defendant Gideon is dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 30, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1 micc0932.mtd